PETROPLUS, JUDGE:
This case was presented on a stipulation of facts agreed to by both parties, including the amount of damages.
The Claimant’s dwelling was located on a hillside adjacent to and below the level of West Virginia Route 14, South Hills area, in Charleston, West Virginia. On December 30, 1969, a landslide occurred above and behind Claimant’s residence at 527 Ferry Street, in said City of Charleston.
From the investigation of the Respondent, it was determined that a drain and drainage line on the side of the above mentioned road became clogged and obstructed with debris and refuse. As the result of said clogging, surface water was flushed from the drainage line and overflowed across Route 14, draining through a large crack in the road surface and saturating the earth beneath the road surface. The earth losing its cohesiveness because of the water saturation, gave way under the paved portion of the road precipitating a landslide down *149 the hill, causing earth and debris to be thrown into the rear and against the Claimant’s residence. The landslide damaged furniture and other personal property in the residence in the amount of $1071.27.
The crack in the road surface through which the water flowed had previously been patched by employees of the West Virginia Department of Highways, who apparently had done some work in this area and should have observed the condition of the drain as well as the roadway.
From the stipulated facts it appears that the blocked drain diverted surface water into a road defect that should have been observed or reasonably anticipated by the employees of the State at the time they performed their repair work on the road. The failure of the State to keep the drain open for proper drainage of the road constituted actionable negligence and the slide which occurred was a foreseeable event that due care might have avoided. The negligence of the Respondent was the proximate cause of the earth slide, which resulted in damage to the residence and personal property of the Claimant. Photographs taken at time of the slide indicate a substantial flow of mud and debris down the hillside into and against the rear wall of the Claimant’s residence.
Under the circumstances, it is the opinion of the Court that the State has a moral obligation to compensate the Claimant for damages sustained, and that the Claimant could have successfully prosecuted a civil action for damages in the regular Courts of the State.
The damages having been agreed upon after a complete investigation by the Respondent, an award is accordingly made to the Claimant in the amount of $1071.27.
Claim allowed in the amount of $1071.27.